IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREG CLARK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:08cv903-WHA |
| | ) | |
| TRANSCONTINENTAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | (WO) |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This case is before the court on a Partial Motion to Dismiss (Doc. #5) filed by

Transcontinental Insurance Company ("Transcontinental") on December 10, 2008, and a Motion

to Intervene (Doc. # 11) filed by Samuel Lawrence ("Lawrence"), individually and as

Administrator of the estate of Robyn Lawrence, on December 29, 2008.

The Complaint in this case was filed by Greg Clark, individually, and Greg Clark d/b/a

Greg Clark Roofing & Construction ("Clark")[1] against CNA Insurance Company and

Transcontinental on November 10, 2008.[2]  In the Complaint, Clark seeks damages resulting from

the Defendant's refusal to defend or indemnify Clark in an action brought against him by

Lawrence under the Employer's Liability Act for the death of his wife, Robyn Lawrence, a

---

[1] Since Greg Clark Roofing & Construction is alleged to be a trade name under which
Greg Clark does business, it is not a separate legal entity.  The court refers to the Plaintiff in the
singular, "Clark."

[2] CNA is no longer a Defendant, by stipulation of the parties and prior order of the court.

former employee of Greg Clark Roofing & Construction.  The Complaint contains four counts: breach of contract (Count I), bad faith (Count II), negligent failure to settle (Count III) and fraud (Count IV).  Transcontinental's Partial Motion to Dismiss seeks the dismissal of Counts II, III and IV for failure to state a claim upon which relief may be granted.

Lawrence seeks to intervene in this case under Fed. R. Civ. P. 24(a)(2),[3] alleging an interest in the outcome of the dispute.  Lawrence has also filed a Complaint in Intervention (Doc. #11, Attachment #1).

For reasons to be discussed, Transcontinental's Partial Motion to Dismiss is due to be granted in part and denied in part, and Lawrence's Motion to Intervene is due to be denied.

## II. FACTS

The Complaint alleged the following facts:

On or about November 10, 2004, Robyn Lawrence died when she fell through a skylight while working at a Montgomery, Alabama construction site.  At the time, Robyn Lawrence was employed by Greg Clark Roofing & Construction as a roofer's helper.  Standard-Taylor Industries ("Standard-Taylor) was the general contractor and Greg Clark Roofing & Construction was the sub-contractor at the job site.

The policy at issue in this case is a workers' compensation policy issued by Transcontinental in the name of Standard-Taylor.  Clark alleges that he and his business were covered under the policy through a coverage endorsement and that Transcontinental was paid a premium for the additional coverage.  The policy required Transcontinental to provide subcontractors of Standard-Taylor with protection against workers' compensation claims and

---

[3]Lawrence has not sought intervention under Fed. R. Civ. P. 24(b).

lawsuits filed by their employees.

Following Robyn Lawrence's death, her husband, Samuel Lawrence, contacted Transcontinental regarding the workers' compensation claim.  Samuel Lawrence was told that the policy did not cover his wife because she was not employed by Standard-Taylor at the time of the accident.  Despite informing Samuel Lawrence that he was not due any workers' compensation payment, Transcontinental and Standard-Taylor offered Lawrence $49,676.16 as settlement for the workers' compensation claim.  In connection with this settlement, on April 29, 2005, Lawrence, Standard-Taylor and Transcontinental executed several agreements: a Benefit Review Agreement, a Benefit Review Conference Affidavit, an Acknowledgment of Satisfaction, and an agreement to refund the settlement proceeds if the Benefit Review Agreement were set aside or voided for any reason.  Clark claims that in exchange for the agreements, Lawrence was instructed to represent that at the time of his wife's death she was employed with Standard-Taylor, and not Clark.  None of the agreements released nor referenced Clark, and Clark was not advised of the negotiations or of the settlement.

On February 27, 2006, Lawrence filed suit in state court against Transcontinental, Standard-Taylor, Greg Clark and Greg Clark Roofing & Construction.  Transcontinental refused to defend or indemnify Clark and Clark hired his own counsel to defend the suit.  On November 13, 2007, Lawrence and Transcontinental entered into a Pro Tanto Agreement and Transcontinental was dismissed from the state court action.  On February 28, 2008, Standard-Taylor was dismissed from the case after reaching a settlement agreement with Lawrence.  On October 2, 2008, a judgment in the amount of $1.3 million was entered against Clark.

### III. <u>DISCUSSION</u>

3

A.      **Transcontinental's Partial Motion to Dismiss**

1.      **Motion to Dismiss Standard of Review**

In evaluating a motion to dismiss, the court accepts the plaintiff's allegations as true,

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's

favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  To survive a motion to dismiss, a

complaint need not contain "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 127 S.Ct. 1955 (2007).  The complaint must contain "only enough facts to state a claim

to relief that is plausible on its face." *Twombly,* 544 S.Ct. at 1974.  The factual allegations  "must

be enough to raise a right to relief above the speculative level." *Id*. at 1965.  "[A] plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at

1964-65.

2.      **Analysis of Transcontinental's Partial Motion to Dismiss**

Transcontinental has moved to dismiss three of the Plaintiff's four claims.  Specifically,

Transcontinental contends that Count II of the Complaint fails to state a claim for bad faith.

Transcontinental further contends that Count III improperly includes a claim not recognized

under Alabama law for negligent claims handling and moves for its dismissal.  Transcontinental

also seeks dismissal of Count IV for failure to meet the Fed. R. Civ. P. 9(b) standard for pleading

fraud, and for failure to state a claim for fraudulent suppression upon which relief may be

granted.  The court will discuss the three claims in turn.

a.      **Bad Faith (Count II)**

Transcontinental asserts that Count II of the Complaint, which brings a claim for bad

4

faith, should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Alabama law recognizes two forms of bad faith claims: "normal" bad faith claims and "abnormal" bad faith claims. *See State Farm Fire and Cas. Co. v. Slade,* 747 So. 2d 293, 306-07 (Ala. 1999). In a "normal" bad faith case, the plaintiff must show: "(1) the existence of an insurance contract; (2) an intentional refusal to pay the claim; and (3) the absence of any lawful basis for the refusal and the insurer's knowledge of that fact or the insurer's intentional failure to determine whether there is any lawful basis for its refusal." *Acceptance Ins. Co. v. Brown,* 832 So. 2d 1, 16 (Ala. 2001).

In an "abnormal" bad faith claims case, bad faith may consist of any of the following: "(1) intentional or reckless failure to investigate a claim, (2) intentional or reckless failure to properly subject a claim to a cognitive evaluation or review, (3) the manufacture of a debatable reason to deny a claim, or (4) reliance on an ambiguous portion of a policy as a lawful basis for denying a claim." *Id.* at 306-07.

Transcontinental argues that the allegations in the Complaint are not sufficient to state a claim for bad faith because the Complaint fails to allege either that (1) Transcontinental knew that there was no reasonable basis to deny the insured's claims or (2) that Transcontinental intentionally failed to investigate whether there was a lawful basis for the refusal. Transcontinental also claims that the Complaint fails to allege that Transcontinental intentionally refused to pay the insured's claims. In response, Clark contends that the Complaint sufficiently alleges both a "normal" bad faith claim, and "abnormal" bad faith claims for intentional or reckless failure to investigate a claim and intentional or reckless failure to properly subject the

claim to cognitive evaluation or review.

The Alabama Supreme Court views bad faith claims as "merely a species of fraud." *Dumas v. S. Guar. Ins. Co.*, 408 So.2d 86, 89 (Ala.1981). In at least one opinion, the Alabama Supreme Court indicated that bad faith should be pled with the specificity of a fraudulent suppression claim. *See Nat'l Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179, 182-83 (Ala. 1982) ("While it would have been preferable for plaintiff to initially have stated a 'bad faith' claim with at least the same particularity as his 'fraudulent misrepresentation' claim, nevertheless, because that issue has been tried, in the interest of liberality in pleading, his failure to do so was not fatal in this case.") (citing Ala. R. Civ. P. 8 and Ala. R. Civ. P. 9(b)).

This court concludes that there is no need for it to determine whether the Alabama Supreme Court's position on this pleading issue is controlling in federal court, because, with respect to pleading knowledge and intent, there is no difference in the requirements of Rule 8 and Rule 9(b).[4] Rule 9(b) allows for general pleading of conditions of a person's mind, including intent and knowledge. Thus, regardless of Rule 9(b)'s applicability to pleading bad faith claims in federal court, there is no heightened pleading requirement for allegations regarding Transcontinental's knowledge or intent.

In this case, to properly allege a "normal" bad faith claim, Clark had to allege either that Transcontinental was aware that there was no reasonable basis to deny the insured's claim, or that Transcontinental intentionally failed to investigate whether there was a reasonable basis to deny the insured's claim. The court finds that the Complaint provides sufficient facts from which

---

[4]Ala. R. Civ. P. 8 and Ala. R. Civ. P. 9(b) are identical to their federal counterparts. Therefore, regardless of which set of rules is applied, there is no difference between applying Rule 8 and Rule 9(b) to averments of knowledge or intent.

the former can be inferred.

The Complaint alleges that Clark and its employees were insured under a workers'
compensation policy, and that at the time of the accident Robyn Lawrence was an employee of
Clark.  Compl. at ¶¶ 6-7.  The Complaint also repeatedly alleges that Transcontinental excluded
the insured from its negotiations with Lawrence regarding his wife's workers' compensation
claim, and that Clark was not included in any of the agreements or releases negotiated by the
Defendants in violation of the terms of the insurance contract.  Compl. at ¶¶ 10-15.  The
Complaint further alleges that Transcontinental instructed Lawrence to lie to the Ombudsman or
to any lawyers about his wife's employment with Clark, to represent that his wife was employed
by Standard-Taylor at the time of the accident, and that failure to do so would result in a
forfeiture of his $49,676.16 settlement.  Compl. at ¶ 9.  It is also alleged that Transcontinental
was intentional in its refusal to protect Clark.  Compl. at ¶ 16.  Taken together, these allegations
are more than enough to support the inference that Transcontinental was aware of its legal duty to
pay the insured's claim and did not believe that they had a reasonable basis to refuse to pay the
underlying claim.

Clark is also required to allege that Transcontinental intentionally failed to pay the claim.
The court finds that this allegation is sufficiently made in several paragraphs of the Complaint.
For example, in paragraph 19, incorporated into Count II through paragraph 30, the Complaint
states that the "Defendants refused to defend or indemnify the plaintiffs in any way or at any
point."  Paragraph 26 similarly alleges that Clark repeatedly requested that Transcontinental
defend Lawrence's claim against him and that Transcontinental declined those requests.  These
paragraphs adequately allege that Transcontinental acted intentionally in its refusals to make any

payments to Lawrence on behalf of the insured.

With respect to the Plaintiff's "abnormal" bad faith claims for failure to investigate and failure to submit the claim to a cognitive review, an allegation that Transcontinental acted either intentionally or recklessly is sufficient to support the claims. Paragraph 32 adequately makes this allegation by stating that Transcontinental acted in bad faith in failing to investigate or review the claim. Therefore, because Count II alleges all of the essential elements of a "normal" and an "abnormal" bad faith claim, Transcontinental's Partial Motion to Dismiss is due to be denied as to Count II.

### b.    Negligent Claims Handling (Count III)

In its Partial Motion to Dismiss, Transcontinental notes that the Complaint, in Count III, labeled "Negligent Failure to Settle," Clark alleges that Transcontinental was negligent or wanton in its handling of the underlying workers' compensation claim. Transcontinental does not contend that Count III should be dismissed in its entirety; rather, it alleges that Count III should be read as bringing only a claim for negligent failure to settle, and not as including a claim for negligent handling of an insurance claim, a cause of action it contends is not recognized under Alabama law.

Transcontinental is correct in its assertion that Alabama law does not recognize a cause of action for negligent or wanton claims handling. *See Gardner v. First Premium Ins. Group,* No. 06-0694-WS-M, 2007 WL 1283999 (S.D. Ala. April 30, 2007) ("The Alabama Supreme Court 'has consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims.'") (quoting *Kervin v. S. Guar. Ins. Co.,* 667 So.2d 704, 706 (Ala.1995)). Therefore, to

the extent that Count III contains a claim for negligent or wanton handling of insurance claims,

Transcontinental's Partial Motion to Dismiss is due to be granted, and denied as to Count III's

claim for negligent failure to settle.

### c.    Fraud (Count IV)

Transcontinental argues that Clark has failed to meet the requirements of Fed. R. Civ. P.

9(b) in stating its fraudulent suppression claim and that the allegations made in the Complaint do

not state a claim for fraud under Fed. R. Civ. P. 12(b)(6).

Under Alabama law, a fraudulent suppression claim requires a plaintiff to show: "(1) that

the defendant had a duty to disclose material facts; (2) that the defendant concealed or failed to

disclose those facts; (3) that the concealment or failure to disclose induced the plaintiff to act;

and (4) that the defendant's action resulted in harm to the plaintiff." *Booker v. United Am. Ins.

Co.*, 700 So.2d 1333, 1339 n.10 (Ala.1997).  A duty to disclose arises "from 'the relation of the

parties, the value of the particular fact, the relative knowledge of the parties and other

circumstances.'" *Indep. Life & Accident Ins. Co. v. Harrington*, 658 So.2d 892, 896 (Ala. 1994)

(quoting *Berkel & Co. Contractors, Inc. v. Providence Hosp.*, 454 So.2d 496, 505 (Ala.1984)).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with

particularity the circumstances constituting fraud or mistake."  Its requirements may be satisfied

if the complaint sets forth "(1) precisely what statements were made in what documents or oral

representations or what omissions were made, and (2) the time and place of each such statement

and the person responsible for making (or, in the case of omissions, not making) same, and (3)

the content of such statements and the manner in which they misled the plaintiff, and (4) what the

defendants obtained as a consequence of the fraud." *Brooks v. Blue Cross & Blue Shield of Fla.*,

116 F.3d 1364, 1371 (11th Cir.1997).  While allegations of date, time or place satisfy the Rule 9(b) requirement that the circumstances of the alleged fraud must be pleaded with particularity, alternative means are also available to satisfy the rule.  *Durham v. Business Mgmt. Assoc.*, 847 F.2d 1505, 1511 (11th Cir.1988).

Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Brooks*, 116 F.3d at 1370-71 (quoting *Durham v. Business Mgmt. Assoc.*, 847 F.2d 1505, 1511 (11th Cir.1988)). Yet "'Rule 9(b) must be read in conjunction with Rule 8(a), which requires a plaintiff to plead only a short, plain statement of the grounds upon which he is entitled to relief.'" *Id.* (quoting *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F.Supp. 222, 225 (S.D.N.Y.1989)); see also *Durham*, 847 F.2d at 1511 (stating that "[t]he application of [Rule 9(b)] must not abrogate the concept of notice pleading.").

Transcontinental argues that the Complaint "vaguely states that 'CNA Insurance Company and/or Transcontinental Insurance Company' committed each of the allegedly fraudulent acts," making it "unclear whether Plaintiff alleges that any or all of the alleged misconduct is attributable to [Transcontinental]," and concludes that "the Plaintiff improperly lumps the Defendants together."  While under normal circumstances, it is necessary under Rule 9(b) for a plaintiff to distinguish among multiple defendants and to specify the role each played in the alleged fraud, *see McAllister Towing & Transp. Co., Inc. v. Thorn's Diesel Serv.*, 131 F. Supp. 2d 1296, 1301 (M.D. Ala. 2001), Clark's failure to do so in this case is not grounds to dismiss Count IV.  CNA is not a legal entity, and all parties agreed that it was due to be dismissed from this lawsuit. CNA is service mark under which Transcontinental and other

insurance companies do business, and Transcontinental has admitted that it was the insurance company using the CNA service mark that issued the insurance policy at issue in this lawsuit. Further, all of the dates, and events alleged in the Complaint are associated with Transcontinental's involvement with the claim brought on behalf of Robyn Lawrence.  The fact that Clark mistakenly referred to Transcontinental by its service mark, CNA, in the Complaint, in addition to the name of its legal entity does not make Clark's allegations any less clear.  The court finds that the Complaint, taken as a whole, sufficiently alerts Transcontinental to the misconduct with which it is charged, and sufficiently states the time, place, and entity responsible for withholding the information, and a description of the injuries suffered by the Plaintiff as a result of the alleged fraud.

Transcontinental also argues that the Complaint does not properly support its allegation that Transcontinental was obligated to disclose the facts listed in paragraph 40 of the Complaint to Clark.  The court disagrees.  The Complaint, beyond its allegation that Transcontinental owed a duty of disclosure to Clark, also includes specific allegations regarding the relationship between the parties.  The Plaintiff alleges that he was covered under an insurance policy, that Robyn Lawrence was an employee of the Plaintiff at the time of her death, and that he expected Transcontinental to indemnify him based on the terms of the contract.  The court concludes that the Complaint pleads sufficient support for its allegations of a duty to communicate at this stage of the proceedings.  This does not foreclose the raising of the issue of duty at a later stage, based on evidence.  Therefore, Transcontinental's Partial Motion to Dismiss is due to be denied as Count IV.

While the Complaint is not a model of clarity, the court finds it sufficient to allow the

case to proceed to discovery.  Interrogatories, including contention interrogatories, and depositions, should further clarify the precise claims being made, and development of the facts may warrant further consideration of all claims at a later stage.

**B.      Lawrence's Motion to Intervene**

Lawrence seeks to intervene in this action under Fed. R. Civ. P. 24(a)(2), which governs intervention as of right.  He has not sought permissive intervention under Rule 24(b).  Lawrence argues that he has an interest in the subject matter of the suit based on his interest in protecting a $1.3 million judgment against Clark.

Rule 24(a) requires a court to permit anyone who, in a timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ.P. 24(a)(2).

In the Eleventh Circuit, a third party may intervene as a matter of right if four requirements are met: (1) the application to intervene is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the applicant must demonstrate that his interest is inadequately represented by existing parties to the suit.  *Purcell v. Bank Atlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir.1996).  Lawrence's Motion to Intervene was filed a little over a month after the Complaint was filed.  To this date no discovery has occurred and no party has objected to the intervention on the basis of untimeliness.  Therefore, the court finds there is no timeliness problem in this case.

12

Even if Lawrence's interest is substantial and in danger of being impaired by the outcome of this case, Lawrence has not demonstrated that his interest will be inadequately represented by Clark.  Adequate representation is presumed where an existing party seeks the same objectives as the proposed intervenor. *Stone v. First Union Corp* ., 371 F.3d 1305, 1311 (11th Cir. 2004) (citing *Clark v. Putnam County*, 168 F.3d 458, 461 (11th Cir. 1999)). To overcome this presumption, the proposed intervenor must come forward with some evidence to the contrary. *Id.*  If the proposed intervenor carries the burden, the court will find adequate representation if "(1) no collusion is shown between the representative party and opposing party; (2) the representative party does not have an interest adverse to the proposed intervenor; and (3) the representative does not fail in the fulfillment of its duty." *Id.*

Clark and Lawrence both have the objective of proving that Clark was entitled to coverage under the workers' compensation policy issued by Transcontinental. *See Midwest Employers Cas. Co. v. East Alabama Health Care*, 170 F.R.D. 195, 198 (M.D. Ala. 1996).Clark is obligated to pay the $1.3 million judgment to Lawrence, providing more than adequate incentive to vigorously litigate his claims against Transcontinental.  *See id.*  There has not been any allegation of collusion been Clark and Transcontinental, nor an allegation that Clark has an interest that is adverse to Lawrence.  Thus, Lawrence has failed to establish the fourth requirement for intervention as of right, and may not intervene as of right in this action.  The Motion for Intervention under Rule 24(a)(2) is due to be denied.

## IV.  <u>CONCLUSION</u>

For the reasons discussed, it is ORDERED as follows:

1.  Transcontinental's Partial Motion to Dismiss (Doc. #5) is GRANTED with respect to

Count III's claims for negligent or wanton claims handling, and DENIED with respect to Count II's claims for bad faith, Counts III's claim for negligent failure to settle, and Count IV's claims for fraud.

    2.  Lawrence's Motion to Intervene (Doc. #11) is DENIED.

    The case will proceed against Transcontinental Insurance Company on Counts I, II, III and IV.


    Done this 13th day of February, 2009.


        /s/ W. Harold Albritton_____
        W. HAROLD ALBRITTON
        SENIOR UNITED STATES DISTRICT JUDGE